UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FORTITUDE LIFE INSURANCE & ANNUITY COMPANY<br>10 Exchange Place, 22nd Floor<br>Jersey City, NJ 07302<br><br>Plaintiff<br><br>v.<br><br>TIMOTHY TREMMEL<br>330 Brenton Lane<br>Medina, OH 44256<br><br>and<br><br>BRUCE L. MCKNIGHT<br>750 Lindenwood Lane<br>Medina, OH 44256<br><br>Defendants. | ) | Case No. 1:26-cv-02608<br><br>Judge |

**COMPLAINT IN INTERPLEADER**

Plaintiff, Fortitude Life Insurance & Annuity Company ("FLIAC"), formerly known as Prudential Annuities Life Assurance Corporation ("PALAC"), by and through its undersigned counsel, for its Complaint in Interpleader, alleges the following:

**PARTIES**

1. FLIAC is a corporation organized and existing under the laws of Arizona with its principal place of business in New Jersey. FLIAC is duly authorized to do business in the State of Florida.

2. Defendant, Timothy Tremmel ("Tremmel"), is an adult citizen of Ohio and is domiciled in Medina County, Ohio.

3. Defendant, Bruce L. McKnight ("McKnight"), is an adult citizen of Ohio and is domiciled in Medina County, Ohio.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1332, in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. For purposes of diversity, FLIAC is deemed a citizen of Arizona and New Jersey, and the Defendants are citizens of Ohio and Florida.

5. This Court also has jurisdiction under 28 U.S.C. § 1335 in that the adverse claimants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523 (1967). The Defendants are citizens of Ohio and Florida.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

7. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

8. On or about December 9, 2009, FLIAC[1] issued Annuity Contract Number E0954402 (the "Annuity") to Brian McKnight ("Annuitant"). *A copy of the Annuity Contract is attached hereto as* ***Exhibit A***.

9. On the Variable Annuity Application Form dated December 7, 2009 (the "Application"), the Annuitant designated his brother, McKnight, as sole primary beneficiary to

[1] The Annuity was originally issued by PALAC.

100% of the Annuity death benefits. Tremel was listed as the financial professional on the Application. *A copy of the Application is attached hereto as* ***Exhibit B***.

10. By Beneficiary Change Form and Predetermined Payout Election Form dated December 2, 2020, the Annuitant designated Tremmel as primary beneficiary to 100% of the Annuity death benefits ("2020 Beneficiary Designation"). *A copy of the Beneficiary Change and Predetermined Payout Election Form dated December 2, 2020, is attached hereto as* ***Exhibit C.***

11. Upon information and belief, the Annuitant died on December 13, 2025. *A copy of the Annuitant's Certificate of Death is attached hereto as* ***Exhibit D***.

12. As a result of the death of the Annuitant, Annuity death benefits (the "Death Benefit")[2] became due to a beneficiary or beneficiaries and FLIAC concedes liability to that effect.

13. By Annuity Beneficiary Claim Form dated May 6, 2026, Tremmel asserted a claim to the Death Benefit. *A copy of the Annuity Beneficiary Claim Form dated May 6, 2026, is attached hereto as* ***Exhibit E***.

14. By letter dated May 27, 2026, McKnight, through his counsel, alleged that there were "factual and legal issues" concerning "the purported beneficiary designation(s)" including "conflicts of interest, potential undue influence, capacity issues, procurement of documents and the validity of any late-stage modifications to the policy[]" and attached the Letters of Administration appointing McKnight as the personal representative of the Annuitant's estate. *A copy of the May 27, 2026, letter with attachments is attached hereto as* ***Exhibit F.***

15. There have been no other claims for the Death Benefit.

---

[2] The Annuity is a variable annuity in which remaining account values will continue to fluctuate until all documents required to pay the proceeds are received in good order. For reference only, the Death Benefit would have been 104,022.81 if calculated and distributed on September 23, 2026. FLIAC makes no representations or guarantees about any future Annuity values.

16. Under the circumstances, FLIAC cannot determine factually or legally who is entitled to the Death Benefit. By reason of the actual or potential claims of the Defendants, FLIAC is or may be exposed to multiple liability.

17. FLIAC is ready, willing, and able to pay the Death Benefit, plus applicable interest, if any, payable in accordance with the terms of the Annuity to whomever this Court shall designate.

18. As a mere stakeholder, FLIAC has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefit due and, respectfully, requests that this Court determine to whom said benefits should be paid.

19. FLIAC accordingly will deposit in the Court the Death Benefit, plus applicable claim interest, if any, for disbursement in accordance with the judgment of this Court.

20. FLIAC has not commenced this action in Interpleader at the request of the Defendants. There is no fraud or collusion between FLIAC and any of the Defendants. FLIAC brings this Complaint for Relief in Interpleader of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, FLIAC prays that the Court enter judgment:

(a) requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid.

(b) permanently enjoining and estopping the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting or otherwise in connection with the Death Benefit and/or the Annuity;

(c) permitting FLIAC, thereafter, to deposit the amount of the Death Benefit, plus applicable claim interest, if any, into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(d) discharging FLIAC from any and all further liability to Defendants relating in any way to the Policy and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(e) dismissing with prejudice FLIAC from this action following deposit of the Death Benefit with the Registry of the Court or as otherwise directed by this Court.

(f) awarding FLIAC its attorneys' fees and costs in their entirety; and

(g) awarding FLIAC any other and further relief that this Court deems just and proper.

Respectfully submitted,

*/s/ Kathleen A. Nitschke*
Kathleen A. Nitschke (0073397)
PEREZ & MORRIS LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone: 216-621-5161
Facsimile: 216-621-2399
Email: knitschke@perez-morris.com

*Counsel for Plaintiff Fortitude Life Insurance & Annuity Company*